IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS BARKLEY,<br>　　　Petitioner,<br>　v.<br>JAMES NUEHRING, Warden,<br>　　　Respondent._____/ | No. C 10-05389 CW (PR)<br><br>(Docket no. 14) |
| CHRIS BARKLEY,<br>　　　Petitioner,<br>　v.<br>MATTHEW CATE, Director,<br>California Department of<br>Corrections and Rehabilitation,<br>　　　Respondent._____/ | No. 11-01269 CW (PR)<br><br>(Docket no. 4)<br><br>ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL |

　　　Petitioner has filed a motion for appointment of counsel in each of his two pending habeas corpus actions.

　　　The Sixth Amendment's right to counsel does not apply in habeas actions. Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir.), cert. denied, 479 U.S. 867 (1986). Pursuant to statute, however, a district court is authorized to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." See 18 U.S.C. § 3006A(a)(2)(B). Additionally, Rule 8(c) of the Rules Governing Section 2254 Cases makes the appointment of counsel mandatory pursuant to section 3006A(g) whenever an evidentiary hearing is required in a habeas action. See United States v. Duarte-Higareda, 68 F.3d 369, 370 (9th Cir. 1995).

　　　Based on the record presented to date in each of Petitioner's cases, the Court finds appointment of counsel is not required.

1  Petitioner's claims have been presented adequately, and the arguments
2  made in support of the claims have been placed in context by the
3  exhibits lodged by Respondent in support of the answers.
4      Further, at this stage of the proceedings, the Court is not in a
5  position to determine whether an evidentiary hearing will be
6  required.  If, during its review of the merits of the petition, the
7  Court determines that further fact-finding is required, the Court
8  will decide whether to hold an evidentiary hearing or whether the
9  facts can be gathered by way of mechanisms short of an evidentiary
10 hearing, such as supplementation of the record with sworn
11 declarations from the pertinent witnesses.  See Downs v. Hoyt, 232
12 F.3d 1031, 1041 (9th Cir. 2000).
13     In sum, the interests of justice do not require appointment of
14 counsel in these cases at this time.  Should the circumstances change
15 materially at a later stage of the litigation, the Court will
16 reconsider this decision on its own initiative.
17     Accordingly, Petitioner's motions for appointment of counsel are
18 DENIED without prejudice.
19     This Order terminates Docket no. 14 in C 10-05389 and Docket
20 no. 4 in C 11-01269.
21     IT IS SO ORDERED.
22 Dated: 3/8/2012
                                      _____
23                                     CLAUDIA WILKEN
                                      UNITED STATES DISTRICT JUDGE